UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| TIMOTHY DARR, | ) CASE NO. 1:19-cv-2067 |
| Petitioner, | ) JUDGE PAMELA A. BARKER |
| v. | ) MAGISTRATE JUDGE DAVID A. RUIZ |
| CHRISTOPHER LaROSE, Warden, | ) |
| | ) **REPORT AND RECOMMENDATION** |
| Respondent. | ) |

Petitioner, Timothy Darr (Petitioner or Darr), challenges the constitutionality of his convictions for felonious assault of an officer, failure to comply, firearm crimes, drug possession, and resisting arrest in the case of *State v. Darr*, Lorain County Court of Common Pleas Case No. 16-CR-094085. Petitioner, *pro se*, filed his Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. (R. 1). Warden Christopher LaRose (Respondent) has filed a Motion to Dismiss (R. 11), which the court construes as the Answer/Return of Writ because Respondent addresses the merits of the habeas petition rather than raising an argument that the sole ground for relief is either defaulted or time-barred. (R. 12). Petitioner has not filed a Traverse or an opposition to the motion to dismiss. This matter is before the undersigned Magistrate Judge pursuant to Local Rule 72.2. For reasons set forth in detail below, it is recommended that the habeas petition be DENIED.

**I. Summary of Facts**

In a habeas corpus proceeding instituted by a person in custody pursuant to the judgment of a state court, factual determinations made by state courts are presumed correct. 28 U.S.C. §

2254(e)(1); *see also Franklin v. Bradshaw*, 695 F.3d 439, 447 (6th Cir. 2012) ("State-court factual findings are presumed correct unless rebutted by clear and convincing evidence."). The Ninth District Court of Appeals (state appellate court), on an appeal, summarized the facts underlying Petitioner's convictions as follows:

> [*P2] According to Trooper Corey Resendez, he was following behind a motorcycle driven by Mr. Darr when he observed Mr. Darr speeding. He attempted to initiate a traffic stop, but Mr. Darr drove away at a speed exceeding 100 miles per hour. When he finally caught up to the motorcycle, he found Mr. Darr attempting to climb over a fence into a self-storage facility. Unable to get over the fence, Mr. Darr started to run from Trooper Resendez, but tripped.
>
> [*P3] As Trooper Resendez approached Mr. Darr, he ordered Mr. Darr to show his hands. Mr. Darr refused to produce his right hand, so Trooper Resendez again ordered him to show it. Instead, Mr. Darr reached into his waistband toward a silver object that the trooper recognized as a handgun. Trooper Resendez jumped on Mr. Darr to neutralize his use of the gun. Mr. Darr responded by striking Trooper Resendez multiple times, attempting to free himself. Following a struggle, during which Mr. Darr never released his grip on the gun, Mr. Darr finally submitted to Trooper Resendez and was taken into custody.
>
> [*P4] The Grand Jury indicted Mr. Darr for felonious assault, failure to comply, having weapons while under disability, illegal conveyance of weapons, assault, resisting arrest, carrying concealed weapons, improper handling of a firearm in a motor vehicle, obstructing official business, possession of drugs, and drug paraphernalia offenses. Several of the offenses included firearm specifications. Mr. Darr moved to suppress the evidence against him, arguing that Trooper Resendez did not have reasonable suspicion to initiate a traffic stop of his motorcycle. Following a hearing, the trial court denied his motion. A jury found him guilty of all but one of the offenses, and the trial court sentenced him to a total of 14 years imprisonment. Mr. Darr has appealed, assigning three errors.

*State v. Darr*, 2018-Ohio-2136, 2018 WL 2672113 (Ohio Ct. App. Jun. 4, 2018).

## II. Procedural History

A.  **Conviction**

On June 3, 2016, a Lorain County Grand Jury indicted Darr on one count of felonious assault in violation of Ohio Revised Code (O.R.C.) § 2903.11(A)(2) along with firearm

specifications; one count of failure to comply with order or signal of police officer in violation of O.R.C. § 2921.331(B); one count of having weapons while under disability in violation of O.R.C. § 2923.13(A)(3); one count of illegal conveyance of weapons onto the grounds of a specified governmental facility in violation of O.R.C. § 2921.36(A)(1); one count of assault in violation of O.R.C. § 2903.13(A) along with firearm specifications; one count of resisting arrest in violation of O.R.C. § 2921.33(C)(2) along with firearm specifications; one count of carrying concealed weapons in violation of O.R.C. § 2923.12(A)(2); one count of improper handling of a firearm in a motor vehicle in violation of O.R.C. § 2923.16(B); one count of obstructing official business in violation of O.R.C. § 2921.31(A) along with firearm specifications; and four counts of possession of drugs in violation of O.R.C. § 2925.11(A) along with firearm specifications; and one count of drug paraphernalia offenses in violation of O.R.C. § 2925.14(C)(1). (R. 11-1, PageID# 47-52; Exh. 1). Darr, through counsel, entered a plea of not guilty. (R. 11-1, PageID# 53; Exh. 2).

On November 7, 2016, Darr, through counsel, filed a motion to suppress "evidence and/or the results of chemical testing." (R. 11-1, PageID# 54-62; Exh. 3). The asserted constitutional violation was premised upon the warrantless stop and seizure of the Darr's vehicle without a warrant.[1] *Id*. The trial court held a suppression hearing on January 31, 2017, and thereafter, on February 1, 2017, issued a journal entry indicating the court had denied the motion for the reasons stated on the record. (R. 11-1, PageID# 73; Exh. 5).

On February 3, 2017, after a jury trial, Darr was found guilty as charged except for the count of illegal conveyance of weapons onto the grounds of a specified governmental facility.

---

[1] Darr also asserted that the urine sample obtained from him while at the hospital did not meet the requirements of O.R.C. § 4511.192. (R. 11-1, PageID# 55; Exh. 3).

(R. 11-1, PageID# 100-101; Exh. 7). On February 13, 2017, Darr was ordered to serve an aggregate sentence of fourteen years. (R. 11-1, Exhs. 8 & 9).

**B.   Direct Appeal**

On March 13, 2017, Darr, through counsel, filed a Notice of Appeal. (R. 11-1, PageID# 112; Exh. 10). Counsel set forth the following assignments of error:

1. To the detriment of Darr, the trial court admitted evidence that should have been excluded pursuant to the Attenuation Doctrine.

2. The jury lost its way when finding Darr guilty of the three year gun specifications as there was not credible evidence that Darr committed a voluntary act when allegedly displaying the weapon and therefore no evidence that Darr ever brandished the weapon or caused the weapon to be brandished.

3. The jury lost its way to the detriment of Darr when finding him guilty of felonious assault as there was no evidence of a voluntary act and therefore no evidence that Darr attempted to cause harm to Trooper Resendez with a deadly weapon.

(R. 11-1, PageID# 113-146; Exh. 11). On June 4, 2018, the state appellate court affirmed the judgment of the trial court. (R. 11-1, PageID# 177-183; Exh. 13).

On July 20, 2018, Darr, *pro se*, filed an appeal with the Ohio Supreme Court. (R. 11-1, PageID# 184; Exh. 14). In his memorandum in support of jurisdiction, Darr asserted the following proposition of law:

1. Whether the court erred to the detriment of Darr when it admitted evidence that should have been suppressed pursuant to the exclusionary rule?

(R. 11-1, PageID# 186-199; Exh. 15). On September 12, 2018, the Ohio Supreme Court declined to accept jurisdiction of the appeal pursuant to S.C.Prac.R. 7.08(B)(4). (R. 11-1, PageID# 202; Exh. 17).

**C. Federal Habeas Petition**

Darr, *pro se*, filed a Petition for Writ of Habeas Corpus. Petitioner raises the following ground for relief:

> **GROUND ONE**: The trial violated petitioner's 4th Amendment constitutional right against unlawful search and seizure.
>
> ***Supporting Facts***: Trial court claimed that the State Trooper had probable cause to search due to petitioner's speeding. The State produced no proof of speed.

(R. 1, PageID# 5).

### III. Review on the Merits

**A. Legal Standard**

This case is governed by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), 28 U.S.C. § 2254. See *Lindh v. Murphy*, 521 U.S. 320, 326-27, 337 (1997). The relevant provisions of AEDPA state:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim–
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d) (1996).

Clearly established federal law is to be determined by the holdings of the United States Supreme Court. See *Williams v. Taylor*, 529 U.S. 362, 412 (2000); *Ruimveld v. Birkett*, 404 F.3d 1006, 1010 (6th Cir. 2005). However, an explicit statement by the Supreme Court is not mandatory; rather, "the legal principles and standards flowing from [Supreme Court] precedent"

5

also qualify as "clearly established law." *Ruimveld*, 404 F.3d at 1010 (*quoting Taylor v. Withrow*, 288 F.3d 846, 852 (6th Cir. 2002)).

A state court's decision is contrary to clearly established federal law "if the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the Supreme] Court has on a set of materially indistinguishable facts." *Williams*, 529 U.S. at 413. By contrast, a state court's decision involves an unreasonable application of clearly established federal law "if the state court identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Id*. However, a federal district court may not find a state court's decision unreasonable "simply because that court concludes in its independent judgment that the relevant state court decision applied clearly established federal law erroneously or incorrectly." *Id*. at 411. Rather, a federal district court must determine whether the state court's decision constituted an objectively unreasonable application of federal law. *Id*. at 410-12. "This standard generally requires that federal courts defer to state-court decisions." *Strickland v. Pitcher*, 162 Fed. Appx. 511, 516 (6th Cir. 2006) (*citing Herbert v. Billy*, 160 F.3d 1131, 1135 (6th Cir. 1998)).

**B. Ground One: Motion to Suppress**

In his first and only ground for relief, Petitioner asserts the trial court violated his Fourth Amendment rights by carrying out an unlawful search.[2] (R. 1, PageID# 15). Respondent argues that ground one fails to state a cognizable ground for federal habeas relief, as Petitioner was

---

[2] Petitioner does not specify whether he is claiming an unlawful search of his person, his motorcycle, or both. Nevertheless, the distinction does not alter the court's recommendation that the petition be denied.

6

afforded an opportunity to fully and fairly litigate his Fourth Amendment claims under *Stone v. Powell*, 428 U.S. 465, 494, 96 S.Ct. 3037, 49 L.Ed.2d 1067 (1976). (R. 11, PageID# 40-42).

The Supreme Court has held that "where the State has provided an opportunity for full and fair litigation of a Fourth Amendment claim, a state prisoner may not be granted federal habeas corpus relief on the ground that evidence obtained in an unconstitutional search or seizure was introduced at his trial." *See Stone*, 428 U.S. at 494 (1976); *Wallace v. Kato*, 549 U.S. 384, 395 n. 5, 127 S.Ct. 1091, 166 L.Ed.2d 973 (2007); *accord In re Irby*, No. 19-3584, 2019 U.S. App. LEXIS 38722, at *4-5 (6th Cir. Dec. 30, 2019) (asserting "long standing precedent renders such [exclusionary rule] claims non-cognizable on collateral review where the prisoner had 'full and fair' opportunity to litigate the 'Fourth Amendment claim' on direct review."); *Ewing v. Ludwick*, 134 Fed. Appx. 907, 911 (6th Cir. 2005). The Sixth Circuit has found that:

> In order to determine whether a petitioner received a "full and fair" opportunity to litigate a Fourth Amendment claim, we apply a two-part test. First, we "must determine whether the state procedural mechanism, in the abstract, presents the opportunity to raise a fourth amendment claim[,]" and second, we "must determine whether presentation of the claim was in fact frustrated because of a failure of that mechanism." *Riley v. Gray*, 674 F.2d 522, 526 (6th Cir. 1982). In performing this analysis, we do not review the "correctness" of the state court decision. *Id*.

*Fulcher v. Logan Cty. Circuit Court*, 459 Fed. App'x 516, 521 (6th Cir. 2012).

As set forth in the aforementioned procedural history, Darr's defense counsel filed a motion to suppress. The defense argued that the police officer's stop of the motorcycle "was solely to determine who was driving the motorcycle and not based upon reasonable and articulable suspicion that he had committed any criminal or traffic offense." (R. 11-1, PageID# 56; Exh. 3). The trial court held a suppression hearing on January 31, 2017. (R. 11-1, PageID#

7

73; Exh. 5). Subsequently, the trial court explained on the record the basis for denying the motion to suppress. *Id.* Petitioner has not identified any irregularity in this proceeding.

In addition, after Darr's appellate counsel raised the issue on direct appeal, the state appellate court conducted a thorough analysis, and found no error in the trial court's denial of the motion to suppress. (R. 11-1, Exh. 13). The state appellate court explained:

### ASSIGNMENT OF ERROR I

> TO THE DETRIMENT OF DARR, THE TRIAL COURT ADMITTED EVIDENCE THAT SHOULD HAVE BEEN EXCLUDED PURSUANT TO THE ATTENUATION DOCTRINE.

> {¶ 5} Mr. Darr argues that the trial court should have granted his motion to suppress because Trooper Resendez did not have reasonable suspicion to initiate a traffic stop. A motion to suppress presents a mixed question of law and fact:

>> When considering a motion to suppress, the trial court assumes the role of trier of fact and is therefore in the best position to resolve factual questions and evaluate the credibility of witnesses. Consequently, an appellate court must accept the trial court's findings of fact if they are supported by competent, credible evidence. Accepting these facts as true, the appellate court must then independently determine, without deference to the conclusion of the trial court, whether the facts satisfy the applicable legal standard.

> (Internal citations omitted.) *State v. Burnside*, 100 Ohio St.3d 152, 2003-Ohio-5372, ¶8.

> "[N]ot all seizures of [a] person must be justified by probable cause to arrest for a crime." *Florida v. Royer*, 460 U.S. 491, 498 (1983). For example, the Ohio Supreme Court has held that an officer may stop a vehicle if he has reasonable and articulable suspicion that the driver has committed a traffic violation. *State v. Mays*, 119 Ohio St.3d 406, 2008-Ohio-4539, ¶8.

> {¶ 6} The trial court found that Trooper Resendez initially did not have reasonable suspicion to stop Mr. Darr for speeding. It denied his motion to suppress, however, because it found that the trooper's attempt to conduct a traffic stop did not result in a seizure of Mr. Darr. In *California v. Hodari D*, 499 U.S. 621 (1991), the United States Supreme Court explained that an arrest requires either the application of force or submission to the assertion of authority. *Id.* at 626. A show of authority does not constitute a "seizure" under the Fourth

>Amendment until it actually produces a stop. *Id.* at 628; *State v. Sellers*, 11th Dist. Trumbull No. 2011-T-0118, 2012-Ohio-5440, ¶14.
>
>{¶ 7} Mr. Darr argues that Trooper Resendez testified that his motorcycle did stop momentarily after the trooper activated his takedown lights. The video of the incident, however, shows the motorcycle slowing down at a red light as it pulls up behind another vehicle in the right turn lane. Instead of stopping behind the other vehicle, the motorcycle coasts into the right berm, going around the vehicle in the turn lane. Without coming to a full stop, the motorcycle proceeds to turn right at the intersection. Upon review of the record, we conclude that the trial court's finding that the motorcycle did not stop in response to Trooper Resendez's attempt to initiate a traffic stop is supported by competent, credible evidence.
>
>{¶ 8} Mr. Darr has not challenged the trial court's finding that his high rate of speed after turning at the intersection gave Trooper Resendez reasonable suspicion to stop him. We, therefore, conclude that the trial court correctly denied Mr. Darr's motion to suppress. Mr. Darr's first assignment of error is overruled.

*State v. Darr*, 2018-Ohio-2136 at ¶¶ 4-8.

The petition fails to draw this court's attention to anything in the state court record suggesting his ability to present his claims was frustrated through a failure of Ohio's review process. (R. 1). Petitioner also did not file a traverse or opposition to the motion to dismiss. As stated above, a federal habeas court does *not* review the "correctness" of the state court decision. *Fulcher*, 459 Fed. App'x at 521.

The Sixth Circuit Court of Appeals has clarified that "the *Powell* 'opportunity for full and fair consideration' means an available avenue for the prisoner to present his claim to the state courts, *not an inquiry into the adequacy of the procedure actually used to resolve that particular claim*." *Good v. Berghuis*, 729 F.3d 636, 639 (6th Cir. 2013) (emphasis added). Therefore, "[i]n the absence of a sham proceeding, there is no need to ask whether the state court conducted an evidentiary hearing or to inquire otherwise into the rigor of the state judiciary's procedures for resolving the claim." *Id.* In sum, the Sixth Circuit explained that, in considering whether a habeas petitioner had a full and fair opportunity to litigate his Fourth Amendment claim, "[o]ur

9

approach, and the majority rule, asks a more basic and readily administrable question: Did the state courts permit the defendant to raise the claim or not?" *Id.* at 640; *accord Harrington v. Warden, London Correctional Inst.*, 2013 U.S. Dist. LEXIS 158363 at *11, 2013 WL 5944193 at * 4 (S.D. Ohio Nov. 5, 2013).

In the underlying case, the trial court conducted a suppression hearing, received argument from defense counsel and the prosecution, and provided an explanation from the bench as to why Darr's motion was denied. Petitioner's disagreement with the outcome of the hearing fails to state a claim for federal habeas corpus relief, as the Sixth Circuit has made clear that a state court "need do no more than 'take cognizance of the constitutional claim and rule in light thereof.'" *Riley*, 674 F.2d at 525 (quoting *Moore v. Cowan*, 560 F.2d 1298, 1302 (6th Cir. 1977)); *Good*, 729 F.3d at 640. The *Good* court concluded, "[a]pplying our test to [petitioner's] case is straightforward. [Petitioner] could, indeed did, present his suppression motion to the state trial court, and the trial court rejected it. He presented it again to the state appellate court, and the appellate court rejected it once more. That suffices to preclude review of the claim through a habeas corpus petition under *Stone v. Powell*." *Good*, 729 F.3d at 640; *cf. Putrus v. Smith*, 2013 U.S. Dist. LEXIS 164923 (E.D. Mich. Nov. 20, 2013) ("[T]he relevant inquiry is whether a habeas petitioner had an opportunity to litigate his claims, not whether he in fact did so or even whether the Fourth Amendment claim was correctly decided. Indeed, under *Stone*, the correctness of a state court's conclusions regarding a Fourth Amendment claim 'is simply irrelevant.'") (citations omitted).

Darr raised his Fourth Amendment claim before both the state trial and appellate courts. Petitioner, however, has not identified any evidence or irregularity to rebut the presumption that the procedure utilized was fair. Because Petitioner faced no obstacle or impediment in his ability

to utilize the state courts' review process to pursue his Fourth Amendment claim, his sole ground for relief is not cognizable. *See, e.g., Brown v. Kowalski,* No. 18-1767, 2018 U.S. App. LEXIS 37243, at *4 (6th Cir. Oct. 11, 2018) (finding that reasonable jurists could not disagree with the district court's decision that a petitioner's "claim challenging the search of his vehicle could not be raised in a federal habeas corpus petition because the claim was considered by the state courts"). Therefore, Petitioner's sole ground for relief fails to present a cognizable claim.

## IV. Conclusion

For the foregoing reasons, it is recommended that Petitioner Timothy Darr's Petition for a Writ of Habeas Corpus be DENIED.

/s/ David A. Ruiz
U.S. MAGISTRATE JUDGE

Date: April 13, 2021

## OBJECTIONS

**Any objections to this Report and Recommendation must be filed with the Clerk of Courts within fourteen (14) days after the party objecting has been served with a copy of this Report and Recommendation. 28 U.S.C. § 636(b)(1). Failure to file objections within the specified time may forfeit the right to appeal the District Court's order.** ***See Berkshire v. Beauvais,*** **928 F.3d 520, 530-31 (6th Cir. 2019).**